## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0699** (Berkeley County CC-02-2020-F-79)

**Caleb T.,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Caleb T. appeals the April 5, 2021, order of the Circuit Court of Berkeley County sentencing him to penitentiary confinement for his convictions for sexual assault and sexual abuse of a three-year-old boy ("the victim").[1] Through four assignments of error, petitioner asserts that his convictions should be vacated and that he should be granted a new trial. We address the issues raised in turn and affirm the trial court's order for the reasons described below.

In petitioner's first assignment of error, he argues that the trial court erred by allowing Amber Groves, the victim's therapist, to testify that, in her expert opinion, the victim suffered from post-traumatic stress disorder ("PTSD"). Petitioner contends that Ms. Groves lacked the qualifications necessary to make such a diagnosis, having only been provisionally licensed to make formal mental health diagnoses under the supervision of a licensed clinical social worker. Petitioner claims that Ms. Groves's testimony caused him unfair and undue prejudice. We review the trial court's decision to qualify Ms. Groves as an expert witness for the purpose of providing a mental health diagnosis of the victim for abuse of discretion. *See* Syl. Pt. 3, *State v. Jerrome*, 233 W. Va. 372, 758 S.E.2d 576 (2014) ("'Whether a witness is qualified to state an opinion is a matter which rests within the discretion of the trial court and its ruling on that point will not ordinarily be disturbed unless it clearly appears that its discretion has been abused.' Syllabus point 5, *Overton v. Fields*, 145 W.Va. 797, 117 S.E.2d 598 (1960).").

Rule 702(a) of the West Virginia Rules of Evidence states that a witness "qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." Our seminal case on the qualification of expert witnesses, *Gentry v. Mangum*, 195 W. Va. 512, 466 S.E.2d 171 (1995), holds:

---

[1] Petitioner appears by counsel J. Daniel Kirkland. Respondent State of West Virginia appears by counsel Patrick Morrisey and Andrea Nease Proper. We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

In determining who is an expert, a circuit court should conduct a two-step inquiry. First, a circuit court must determine whether the proposed expert (a) meets the minimal educational or experiential qualifications (b) in a field that is relevant to the subject under investigation (c) which will assist the trier of fact. Second, a circuit court must determine that the expert's area of expertise covers the particular opinion as to which the expert seeks to testify.

*Id.* at 515, 466 S.E.2d at 174, Syl. Pt. 5. *Mangum* makes clear, however, that the Court "reject[s] any notion of imposing overly rigorous requirements of expertise." *Id.* at 525, 466 S.E.2d at 184. "Neither a degree nor a title is essential, and a person with knowledge or skill borne of practical experience may qualify as an expert[.]" *Id.* at 525 n.18, 466 S.E.2d at 184 n.18.

Upon our review, we determine that petitioner is not entitled to relief on this issue. The information elicited from Ms. Groves during the trial established her intensive training and experience working as a clinical social worker, a field in which she diagnoses mental health disorders. Although she was not yet licensed as an independent clinical social worker, her 2,500 hours of clinical experience provided her with the knowledge and skill necessary for her to qualify as an expert under Rule 702 and *Mangum*. Therefore, we conclude that the trial court did not abuse its discretion by allowing Ms. Groves to testify that the victim suffered from PTSD.[2]

In petitioner's second assignment of error, he argues that the procedure employed by the trial court for taking the victim's testimony impermissibly deviated from the requirements of West Virginia Code § 62-6B-4 when the court required petitioner and the jury to watch the victim's testimony, which was taken in the courtroom, from a remote location by closed-circuit television.[3] Petitioner contends that this deviation caused him undue and unfair prejudice. Our review of the trial court's application of West Virginia Code § 62-6B-4(a) is de novo. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from

---

[2] Petitioner also asserts "that the overarching purpose of Ms. Groves['s] testimony was the introduction of hearsay statements made by [the victim][] under the medical treatment exception . . . in . . . the West Virginia Rules of Evidence" and that she "impermissibly offer[ed] testimony that invaded the province of the jury when she all but vouched for the veracity of [the victim]'s disclosures." Petitioner provides no argument in support of these claims, mentioning them only in passing. Consequently, the issues have not been preserved for appeal. *See State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (recognizing that "casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal." (quoting *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3rd Cir. 1993))).

[3] West Virginia Code § 62-6B-4(a) provides:

If the court determines that the use of live, two-way closed-circuit testimony is necessary and orders its use the defendant may, at any time prior to the child witness being called, elect to absent himself from the courtroom during the child witness'[s] testimony. If the defendant so elects the child shall be required to testify in the courtroom.

2

the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). In *State v. Gary A.*, 237 W. Va. 762, 791 S.E.2d 392 (2016), the Court determined that when a defendant elects to absent himself from the courtroom during the child witness's testimony, the child witness must "testify in the courtroom before the jury." *Id.* at 768, 791 S.E.2d at 398. There is no dispute that the victim did not testify in the courtroom before the jury, and there is no dispute that petitioner's counsel did not object to the procedure employed for the taking of the victim's testimony. Petitioner argues that the trial court committed plain error.

"To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Regarding the first element of the plain error test, we have held that

> [a] deviation from a rule of law is error unless there is a waiver. When there has been a knowing and intentional relinquishment or abandonment of a known right, there is no error and the inquiry as to the effect of a deviation from the rule of law need not be determined.

*Id.* at 7, 459 S.E.2d at 118, Syl. Pt. 8, in part.

In this instance, the first element of the plain error test is not satisfied because petitioner waived his right to have the victim testify in the courtroom before the jury. His counsel acknowledged that the trial court intended to take the victim's testimony outside of the jury's presence, and his counsel informed the trial court that he knew of no reason why such a procedure could not be employed. Therefore, upon our de novo review, we find that the trial court did not commit plain error.[4]

In his third assignment of error, petitioner argues that the trial court erred by failing to order a mistrial when, during closing arguments, the prosecutor argued that petitioner failed to identify a suspect other than himself, thereby indicating that petitioner bore the burden of offering an alternative theory to the State's theory of the case. Petitioner did not object to the prosecutor's comment on this ground during the trial or in his post-trial motion. We have held that "'[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect.' Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 470 S.E.2d 162 (1996)." Syl. Pt. 10, *State v. Shrewsbury*, 213 W. Va. 327, 582 S.E.2d 774 (2003). "This principle is designed to prevent 'a party from making a tactical decision to refrain from objecting and, subsequently, should the case turn sour, assigning error (or even worse, planting an error and nurturing the seed as a guarantee against a bad result).'" *State v. Sites*, 241 W. Va. 430, 438, 825 S.E.2d 758, 766 (2019) (quoting *State v. LaRock*, 196 W. Va. 294, 316, 470 S.E.2d 613, 635 (1996)). Petitioner's failure to object to the prosecutor's comment at trial

---

[4] In discussing the issue of the victim's testimony, petitioner states that "the [trial] [c]ourt's unintentional statement that the State was 'calling its next victim'" contributed to "a prejudicial atmosphere against the [p]etitioner." In that petitioner does not assign any error in connection with the trial court's statement, we will not evaluate the statement for error.

on the same ground presented in this appeal precludes this Court from addressing the issue on appeal.[5]

Finally, in his fourth assignment of error, petitioner argues that the State failed to present sufficient evidence to prove, beyond a reasonable doubt, that he committed the crimes for which he was convicted. Specifically, he asserts that while both Ms. Groves and a forensic nurse examiner, Lisa Wells, testified that the victim identified petitioner as the perpetrator of the crimes, this evidence was insufficient to prove petitioner was the perpetrator. He also asserts that while Ms. Wells testified that the victim told her petitioner touched his (the victim's) penis, this evidence was insufficient to prove that petitioner did so for sexual gratification.[6]

In examining petitioner's claims as to the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution to determine if "any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. Pt. 1, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). We "credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution." *Id.* at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part. "[A] jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *Id.*

We find no merit to petitioner's argument. In addition to the testimony as to the victim's identification of petitioner as his assailant, the State produced evidence at trial showing that the victim was injured while in petitioner's care; that the victim suffered non-accidental blunt force penetrating trauma, causing bruising and tearing of his anal area; that the victim's injuries could not have been self-inflicted and were consistent with sexual assault; and that seminal fluid was found on the victim's clothing. Petitioner's arguments go to the credibility of the witnesses' testimony, the inferences that can be drawn from that testimony, and the weight the testimony should have been given. Crediting all inference and credibility assessments that the jury might have drawn in favor of the State, we conclude that the evidence, regardless of how it is weighed, was sufficient to prove, beyond a reasonable doubt, that petitioner committed the crimes for which he was convicted.

For the foregoing reasons, we affirm.

Affirmed.

---

[5] Petitioner has not asked the Court to find that the trial court committed plain error regarding this issue, and we decline to do so. *See State v. Henson*, 239 W. Va. 898, 909 n.16, 806 S.E.2d 822, 833 n.16 (2017) ("We also decline to invoke the plain error doctrine . . . as we have previously held that 'the plain error rule should be exercised only to avoid a miscarriage of justice.'" (quoting Syl. Pt. 7, in part, *State v. LaRock*, 196 W. Va. 294, 470 S.E.2d 613 (1996))).

[6] Specifically, Ms. Wells testified, "[The victim] said prior to [petitioner] touching him that [petitioner] had told him that he had a surprise for him and that's when he touched his [penis] and his butt."

4

**ISSUED:**  October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn